## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| VISUAL COMMUNICATIONS, INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 14-3854 |
| ASSUREX HEALTH, INC. | : | |
| | : | |
| Defendant. | : | |



F̶I̶L̶E̶D̶

FEB - 2 2015

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## **MEMORANDUM**

BUCKWALTER, S. J.                                                    February 2, 2015

Currently pending before the Court is the Motion by Defendant AssureRx Health, Inc.[1]

("Defendant") to Dismiss Plaintiff Visual Communications, Inc. ("Plaintiff")'s Second Amended

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the

Motion is denied.

## I.    FACTUAL BACKGROUND

The Court presumes the parties are familiar with the facts of this case and incorporates by

reference the recitation of facts in its Opinion dismissing Plaintiff's Amended Complaint. See

Visual Commc'ns, Inc. v. Assurex Health, Inc., No. Civ.A. 14-3854, 2014 WL 4662474, at *1–2

(E.D. Pa. Sept. 18, 2014). In addition to those facts, Plaintiff now alleges it "transmitted to

[Defendant] by email three versions of a computer generated design for the construction of a

new, custom trade show exhibit, the three versions bearing the titles of Concept 1, Concept 2 [,]

and Concept 3 (hereafter referred to jointly as "the May 2nd Design")." (Second Am. Compl. ¶

10, Ex. A, Email dated May 2, 2013 from Peer Strobl to John Bellano.) Plaintiff also alleges

---

[1] Plaintiff incorrectly captioned Defendant in the Complaint as "Assurex Health, Inc."

that, "[u]pon information and belief, [Defendant] copied the May 2nd Design and transmitted the

copy to a third party for the purpose of building a new trade show exhibit substantially similar to

that depicted in the May 2nd Design, complete with the circular hanging sign depicted in Concept

1." (Id. ¶ 14.)  Plaintiff alleges numerous similarities between the May 2nd Design and

Defendant's new exhibit, including:

> a. The three kiosks (work stations) have a unique look as determined by color, shape, size, dimensions and fabric type
> b. Within the kiosks there are three light boxes, one of which lights the central portion of the kiosk, and the other two light the upper portion
> c. Each kiosk has a stand[-]off light box for highlighting graphics
> d. Each kiosk has a non-standard cabinet, which has recesses under the top just above the doors, giving a sense of depth and separation
> e. The cabinets on the kiosks are attached to a backer panel, which provides a mounting position for an additional graphic light box
> f. A circular hanging sign prominently displays the [AssureRx] logo
> g. A stand[-]alone reception counter is non-standard, with its Plexiglas top, kick (or base) lighting, and two wide grey spines from top to bottom
> h. Thin metal extrusions provide a unique border on the top and side of each graphic.

(Id.)

Plaintiff's Amended Complaint was dismissed on September 18, 2014.  See Visual

Commc'ns, Inc. v. Assurex Health, Inc., No. Civ.A. 14-3854, 2014 WL 4662474 (E.D. Pa. Sept.

18, 2014).  Plaintiff subsequently filed a Second Amended Complaint on October 7, 2014,

setting forth a claim for copyright infringement. (Second Am. Compl. ¶¶ 16–22.)  Defendant

filed a Motion to Dismiss the Second Amended Complaint and Request for Attorney's Fees on

October 21, 2014.  Plaintiff responded November 4, 2014.  Defendant submitted a Reply on

November 10, 2014.  Plaintiff submitted its Sur-Reply on November 12, 2014.  The Motion to

Dismiss and Request for Attorney's Fees is now ripe for judicial consideration.

## II.    STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the

3

proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III.   DISCUSSION

Defendant moves to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Defendant also asks this Court to award its attorney's fees pursuant to 17 U.S.C. § 505. Having considered the Second Amended Complaint and the parties' briefs, the Court finds that Plaintiff has sufficiently pled copyright infringement and will deny Defendant's Motion to Dismiss Plaintiff's copyright infringement claim and its request for attorney's fees.

### A.   Copyright Infringement

In the Second Amended Complaint, Plaintiff alleges that Defendant had access to the May 2nd Design because Plaintiff transmitted it to Defendant as an email attachment on May 2, 2013, and that "[u]pon information and belief, [Defendant] copied the May 2nd Design and sent it to a third party for the construction of a new custom trade show exhibit." (Second Am. Compl.

4

¶¶ 19–20.)  Plaintiff demands that this Court issue an injunction (a) preventing Defendant "from

making any additional copies of the May 2nd Design, and from installing at public events its new

custom exhibit in close proximity to the exhibits of other [customers of Plaintiff] whose exhibits

reflect substantially the same design as [Defendant's new exhibit];" (b) awarding Plaintiff

"monetary relief in the nature of statutory and compensatory damages and lost profits, plus the

costs and disbursements of this action;" and (c) granting any other or further relief which the

Court deems just and proper.  (Id., "Wherefore" Clause.)

Defendant "does not dispute that it had 'access' to [the May 2nd Design] insofar as it

received the electronic mail at issue."  (Def.'s Mem. Supp. Mot. Dismiss 1.)  Defendant "does

dispute, however, that [Plaintiff] can state a claim against [Defendant] for copyright

infringement, and resulting damages, based on [Defendant's] alleged copying of that design

when it constructed its own trade show booth."[2]  (Id.)

"To establish infringement, two elements must be proven: (1) ownership of a valid

copyright, and (2) copying of constituent elements of the work that are original."  Feist Publ'ns,

Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991).  The first element has been satisfied,

as Plaintiff applied for copyright registration for Concept 1 in the May 2nd Design on June 12,

2014, and the Copyright Office subsequently issued a Certificate of Registration on September 2,

---

[2] Defendant argues that Plaintiff is improperly basing its copyright infringement claim on
Defendant's construction of a useful article—its trade show exhibit.  (Def.'s Mem. Supp. Mot.
Dismiss 1–2.)  Plaintiff does not dispute that such a claim would be unsuccessful.  Rather,
Plaintiff argues that its claim for copyright infringement is based on the alleged copying of the
May 2nd Design and its provision by Defendant to a third party in order to construct Defendant's
trade show exhibit, and that the physical similarities between Defendant's exhibit and Plaintiff's
design provide circumstantial evidence that the May 2nd Design was copied.  (See Pl.'s Resp.
Opp'n Mot. Dismiss 6.)  Plaintiff's claim is based on the alleged copying of the May 2nd Design
itself, not construction of what the May 2nd Design depicts.  Accordingly the Court will not
address Defendant's arguments that Plaintiff's claim should be dismissed on the ground that it is
based on the construction of the trade show exhibit.

2014, with an effective date of June 12, 2014.[3]  (Second Am. Compl. ¶ 15.)  Defendant argues

that Plaintiff has failed to establish the second element, copying, because the allegations in

Plaintiff's Second Amended Complaint "are insufficient to overcome the Supreme Court's

instruction that legal conclusions and conclusory allegations are not 'entitled to the assumption

of truth.'"  (Def.'s Mem. Supp. Mot. Dismiss 2–3 (quoting Iqbal, 556 U.S. at 679).)

According to Defendant, the "cosmetically" added allegations in the Second Amended

Complaint are an attempt to state "'the magic words,' added in haste to create 'the mere

possibility of misconduct.'"  (Id. (quoting Iqbal, 556 U.S. at 678).)  Plaintiff responds by arguing

that it has stated a claim for copyright infringement because the email attached to the Second

Amended Complaint "establishes without doubt that [Defendant] had access to and possession of

the May 2nd Design" and because it included in Paragraph Fourteen a specific allegation that

Defendant copied the May 2nd Design.  (Pl.'s Resp. Opp'n Mot. Dismiss 5–6.)  In support,

Plaintiff relies on Morgan v. Hawthorne Homes, Inc., for the proposition that "the copying of

design drawings is an act of infringement."  (Id. at 7 (citing Morgan, No. Civ.A. 04-1809, 2009

WL 1010476, at *16 (W.D. Pa. Apr. 14, 2009)).)  In that case, the court stated that:

> To the extent that [the plaintiff] argues that his plans were copied,
> that claim, if proved, would establish a violation of the Act.  The
> question whether the defendant in an infringement action "copied"
> the work of the plaintiff is ordinarily one of the most intractable
> problems in copyright cases.  The solution requires proof that the
> defendant copied the protected work as a factual matter, and that
> the allegedly infringing reproduction is "substantially similar" to
> the protected work.

(Id.) (quoting Segrets, Inc. v. Gillman Knitwear Co., Inc., 207 F.3d 56, 60 (1st Cir. 2000)).

---

[3] Plaintiff did not attach copies of the registration documents to the Second Amended Complaint,
but had previously submitted them in conjunction with its Sur-Reply Brief in support of its
opposition to Defendant's Motion to Dismiss the Amended Complaint.

On the basis of the allegations in the Second Amended Complaint, Plaintiff has adequately stated a claim of copyright infringement. At the motion to dismiss stage, Plaintiff is not required to prove that Defendant actually took a copy of the May 2nd Design and gave it to a third party—Plaintiff need only allege that Defendant did so in order to state a claim for copyright infringement. The fact that the Second Amended Complaint now contains the necessary factual allegations that were lacking in the Amended Complaint does not require the Court to find that the allegations are conclusory or were "added in haste." It simply means that the Second Amended Complaint states a legally sufficient claim for copyright infringement, whereas the Amended Complaint did not. Accordingly, Defendant's Motion to Dismiss must be denied.

Defendant also asserts that the injunction and damages Plaintiff seeks are not connected to "the reproduction or distribution of the two-dimensional work in which it possesses a copyright registration, but rather [to Defendant's] construction of the useful articles depicted therein." (Id. at 5.) Defendant also argues that Plaintiff will not be able to prove it is entitled to compensatory damages or lost profits, and that Plaintiff cannot base a copyright infringement claim on its discontinued business relationship with Defendant. (Def.'s Mem. Supp. Mot. Dismiss 9.) In response, Plaintiff argues that it can rely on the "value of use" doctrine to prove its damages. (Pl.'s Resp. Opp'n Mot. Dismiss 8–11.) Both parties also devote portions of their respective Reply and Sur-Reply Briefs to these issues. However, whether the various forms of equitable relief and monetary damages Plaintiff seeks are provable, or even available, on the basis of Plaintiff's copyright infringement claim is an issue distinct from whether that claim is legally and factually sufficient to survive a motion to dismiss. As discussed above, the allegations in the Second Amended Complaint are enough to state a claim for copyright

7

infringement. Accordingly, Defendant's arguments concerning the types of relief Plaintiff might

potentially obtain do not require the dismissal of Plaintiff's claim.

## B. Defendant's Request that Plaintiff's Prayer for Statutory Damages and Attorney's Fees be Stricken

Defendant argues that Plaintiff is not entitled to statutory damages under 17 U.S.C. § 412

because the work in question was not registered with the Copyright Office until after

Defendant's alleged copying of that work. (See Def.'s Reply 2; Def.'s Mem. Supp. Mot.

Dismiss 8 (citing 17 U.S.C. § 412).) On that basis, Defendant asserts that Plaintiff's "prayer for

statutory damages and attorney's fees should be stricken." (Def.'s Reply 2.) 17 U.S.C. § 412

provides in relevant part that

> [i]n any action under this title . . . no award of statutory damages or
> of attorney's fees, as provided by sections 504 and 505, shall be
> made for—
> . . .
> (2) any infringement of copyright commenced after first
> publication of the work and before the effective date of its
> registration, unless such registration is made within three months
> after the first publication of the work.

17 U.S.C. § 412.

Plaintiff "published" the May 2nd Design to Defendant in the May 2, 2013 email

attaching the various design concepts that Plaintiff proposed to Defendant. As stated above, the

effective date of the copyright registration for the May 2nd Design is June 12, 2014. As

Defendant's alleged infringement occurred after Defendant received the May 2, 2013 email, and

before the effective date of the copyright registration more than one year later, Defendant is

correct that Plaintiff may not recover an award of statutory damages or attorney's fees should

Plaintiff ultimately be successful in proving that Defendant infringed its copyrighted work.

Accordingly, Plaintiff's request for statutory damages and attorney's fees contained within the "Wherefore" Clause of the Second Amended Complaint shall be stricken.

## C. Defendant's Request for Attorney's Fees Pursuant to 17 U.S.C. § 505

Defendant requests attorney's fees pursuant to 17 U.S.C. § 505, which provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "In Fogerty v. Fantasy, 510 U.S. 517, 536 (1994), the Supreme Court directed courts to look to the following list of 'nonexclusive factors that courts should consider in making awards of attorney's fees' which the Third Circuit enunciated in Lieb v. Topstone Industries, Inc., 788 F.2d 151, 156 (3d Cir. 1986): 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" Warren Pub. Co. v. Spurlock, No. Civ.A.08-3399, 2010 WL 760311 at *2 (E.D. Pa. Mar. 3, 2010) (quoting Fogerty, 510 U.S. at 535 n.19). As Defendant's Motion to Dismiss is being denied, Defendant's request for attorney's fees is also denied.

## IV. CONCLUSION

In light of the foregoing, Defendant's Motion to Dismiss is denied.

An appropriate Order follows.